FILED

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

2007 OCT 22  PM 1: 38

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

EDDIE SHEARS, 05A3935,

Plaintiff,

-v-

**DECISION AND ORDER**
07-CV-0537F

KATHLEEN A. WASHBURN,
FRANSESCA CHAPPIUS and
SCOTT M. HODGE,

Defendants.

## INTRODUCTION

Plaintiff, Eddie Shears, an inmate of the Southport Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants, Kathleen A. Washburn, Fransesca Chappius and Scott M. Hodge, the mailroom clerks and the law library supervisor, violated his rights when his administrative appeal was misplaced. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but unless plaintiff files an amended complaint as directed below, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a)

and filed an Authorization with respect to this action, plaintiff is granted

permission to proceed *in forma pauperis*.  Sections 1915(e)(2)(B) and 1915A(a)

of 28 U.S.C. require the Court to conduct an initial screening of this complaint.  In

evaluating the complaint, the Court must accept as true all of the factual

allegations and must draw all inferences in plaintiff's favor.  *See Larkin v. Savage*,

318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284,

287 (2d Cir. 1999). "To survive dismissal, the plaintiff must provide the grounds

upon which his claim rests through factual allegations sufficient 'to raise a right to

relief above the speculative level.'" *ATSI Communications, Inc. v. Shaar Fund,*

*Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* --- U.S. --

--, ----, 127 S.Ct. 1955, 1965 (2007).  "The settled rule is that a complaint should

not be dismissed for failure to state a claim unless it appears beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief." *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004) (citations

and internal quotation marks omitted) (applying both  §§ 1915 and 1915A). "This

rule applies with particular force where the plaintiff alleges civil rights violations or

where the complaint is submitted *pro se*." *Chance v. Armstrong,* 143 F.3d 698,

701 (2d Cir. 1998).

2

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that, unless plaintiff files an amended complaint as directed below, plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

Plaintiff's claim that defendants misplaced his administrative appeal is subject to dismissal with prejudice. Plaintiff does not allege that defendants intentionally interfered with his right of access to the courts in connection with that case or that their interference deprived him of a recovery he otherwise would have obtained. *See Barrett v. U.S.*, 689 F.2d 324, 331-32 (2d Cir. 1982). In order to state a constitutional claim, a plaintiff must make a showing that he has suffered, or will imminently suffer, actual harm; that is, that he was "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). *Accord Morello v. James*, 810 F.2d 344, 347 (2d Cir. 1987).

Thus, plaintiff must show that he has suffered an actual injury traceable to the challenged conduct of prison officials. A plaintiff has not shown actual injury

3

unless he shows that a "nonfrivolous legal claim had been frustrated or was being impeded" due to the actions of prison officials. *Lewis*, 518 U.S. at 351-52. Taking plaintiff's claim as true, he nevertheless offers no facts to explain how the misplacing of his administrative appeal prejudiced his ability to seek redress from the judicial system. *Smith v. O'Connor*, 901 F. Supp. 644, 649 (S.D.N.Y. 1995). Plaintiff has not explained what he was appealing, or the results of his inability to appeal. He does not indicate whether he sought, or was allowed to, appeal late as a result of the misplaced appeal. Although plaintiff's complaint indicates that copies of the grievance/appeal are attached, there is nothing attached to the complaint. Accordingly, his complaint fails to state a claim based on denial of access to the courts.

However, the Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding this issue are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires").

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted.

4

For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **November 13, 2007** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014, 98 S. Ct. 730, 54 L. Ed.2d 758 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **November 13, 2007**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **November 13, 2007**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **November 13, 2007**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **November 13, 2007**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor

person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

    IT IS SO ORDERED.

                        HONORABLE RICHARD J. ARCARA
                        CHIEF JUDGE
                        UNITED STATES DISTRICT COURT

Dated:      *Oct. 19*, 2007